# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA WICHMANN and RAY WICHMANN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV1095 HEA |
| THE PROCTOR & GAMBLE MANUFACTURING COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Remand, [Doc. # 14]. Defendants oppose the motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

Plaintiffs filed this action in the Circuit Court of the City of St. Louis, Missouri, against defendants Proctor & Gamble Manufacturing Company, (Proctor & Gamble), Patrick Harmon and Tim Willyard. Plaintiffs' Petition alleges that Proctor & Gamble is the manufacturer of Tampax Pearl tampons and that defendant Walgreens Co. markets, sells and places into the channels of commerce these tampons. The Petition further alleges that the tampons were in a defective condition

and were unreasonably dangerous to users, particularly plaintiff Patricia Wichmann, in that the material used as a component to the Tampax Pearl tampons caused, allowed and permitted the colonization of the bacteria which caused plaintiff to develop Toxic Shock Syndrome, (TSS). According to the Petition, the tampon's packaging insert advised plaintiff Patricia Wichmann that this product could be used overnight which caused, allowed and permitted the colonization of the bacteria which caused her TSS.

The Petition also alleges that Proctor &Gamble was negligent in its production of the tampons and in advising users of the tampons that they could be used overnight. Further, Walgreens is alleged to have been negligent in the manner in which it placed the tampons in the market.

As to defendants Harmon and Willyard, the Petition alleges that they were managers of the Walgreens stores where the tampons were purchased and that they were negligent in the manner in which the tampons were placed in the market in that they advised users of the tampons that they could be worn overnight and in that they failed to warn or advise customers, especially plaintiff Patricia Wichmann of the potential for the colonization of the bacteria that causes TSS.

The Petition also alleges loss of consortium claims on behalf of plaintiff Ray Wichmann against each of the defendants.

Defendants removed this case on July 14, 2005, based on the Court's diversity of citizenship jurisdiction, alleging that defendants Harman and Willyard had been fraudulently joined to defeat diversity. Plaintiff's now move to remand arguing that because Harmon and Willyard are Missouri citizens, as are plaintiffs, the Court lacks diversity jurisdiction.

**Discussion**

In determining whether the Court has complete diversity, the Court must look to the allegations in the complaint. "Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 83-84 (8th Cir. 1983)(per curiam); *accord BP Chem. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir.), __ U.S. __, 123 S.Ct. 343, 154 L.Ed.2d 250 (2002). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

Plaintiffs argue in support of their motion to remand that joinder of Harmon and Willyard is not fraudulent because they have stated a valid cause of action against them under Missouri state law. Specifically, plaintiffs urge that because the allegations that Harmon and Willyard advised tampon users that the tampons could

be used *overnight* and because of their failure to warn of the potential for colonization of bacteria when the tampons are used *overnight*, are sufficient to state a valid claim under Missouri law and therefore the joinder of these defendants was not fraudulent.

In further support of their motion to remand, plaintiffs urge the Court to find that the causes of action against the individual defendants are not preempted by the Medical Device Amendments to the Food and Drug Act. According to plaintiffs, the regulations apply only to manufacturers of tampons, *ergo*, they argue that the controls placed on manufacturers do not extend to individual defendants. Further, plaintiffs take the position that their theory with regard to the defect in the tampon products goes to the particular type of use of the tampons, *i.e.* overnight use. Defendants, however, argue that these are precisely the types of claims that are preempted.

The Federal Drug Administration (FDA) has promulgated specific regulations mandating the substantive content of TSS warnings on tampon boxes. *See* 21 C.F.R. § 801.430. Although not every federal regulation will preempt state law claims, preemption will be found when it is clear that "the Federal Government has weighed the competing interests relevant to the particular requirement in question, reached an unambiguous conclusion about how those competing considerations

should be resolved in a particular case or set of cases, and implemented that conclusion via a specific mandate on manufacturers or producers." *Medtonic, Inc. v. Lohr*, 518 U.S. 470, 501 (1996). In this case, the regulations at issue are "not only device specific (tampons), but also disease-specific (TSS)." *Papike v. Tambrands, Inc.*, 107 F.3d 737, 740 (9th Cir. 1997). It is clear, therefore, that the federal regulators considered exactly the risk that plaintiff Patricia Wichmann was exposed to and determined how best to warn consumers of this risk through product labeling. The Eighth Circuit has clearly held that federal labeling requirements for tampons preempt state law warning claims. "It is clear to us, as it has been clear to every court that has published a decision on the issue, that to the extent [plaintiff's] claim against [defendant] seeks to impose any warning requirement beyond that imposed by 21 C.F.R. § 801.430, it is preempted by 21 U.S.C. § 360(k)(a)." *Nat'l Bank of Commerce v. Kimberly-Clark Corp.*, 38 F.3d 988, 990 (8th Cir. 1994).

While plaintiffs attempt to distinguish their case by arguing that the regulations imposed by the FDA only apply to manufacturers or to the type of use of the tampon, their attempts fall short of being persuasive. Plaintiffs' argument is exactly the type of "additional warning requirement" which the Eighth Circuit has found to be preempted. Were plaintiffs able to circumvent preemption by the argument that the mandated requirements only apply to manufacturers, or do not

apply in this case because of the specific type of use of the tampons, the requirements themselves would become meaningless; creative counsel could thereby formulate any number of theories not specifically set forth in the regulations.  The requirements set out in the C.F.R. have been determined to be the warnings required on the Medical Devise, *i.e.*, tampons, not on who must give the warnings or whether the warnings apply only to certain types of uses.  Plaintiffs additional requirements, are therefore preempted by 21 U.S.C. § 360(k)(a), which provides that any state law that imposes "requirements" on medical devices that are "different from" or "in addition to" FDA-imposed requirements are preempted.

## Conclusion

Because the claims against defendants Harmon and Willyard are preempted by Section 360(k)(a), the cause of action against them has no reasonable basis in law or fact.  *See Wiles*, 280 F.3d at 871 ("Here, no reasonable basis in fact and law is alleged which will support a claim against the non-diverse defendants.")  *See also, Reeb v. Wal-Mart Stores, Inc.* 902 F.Supp. 185, 187  They were, therefore, fraudulently joined in this action.  As such, their citizenship is not considered in ascertaining whether the Court has diversity jurisdiction, and the Court, *sua sponte* dismisses the action against them.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand, [Doc. # 14], is denied.

**IT IS FURTHER ORDERED** that defendants Harmon and Willyard are dismissed from this action.

Dated this 8th day of September, 2005.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE