UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA WICHMANN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1095 HEA |
| ) | |
| PROCTOR AND GAMBLE ) | |
| MANUFACTURING CO. et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Voluntarily Dismiss Without Prejudice, [Doc. # 27]. Defendants oppose dismissal. Originally, plaintiffs sought to dismiss this action without prejudice so that they could file an immediate appeal of this Court's Order dismissing the individual defendants. In their reply to defendants' opposition, plaintiffs now advise the Court that they will waive their appeal and seek dismissal in order to further investigate newly developing medical evidence and incidents of Toxic Shock Syndrome.

> Rule 41(a)(2) provides, *inter alia,*
> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

" 'It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.' " *Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc.,* 198 F.3d 685, 689 (8th Cir.1999) (quoting *United States v. Gunc,* 435 F.2d 465, 467 (8th Cir.1970)). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 950 (8th Cir.1999) (internal citations omitted). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucciv. City of Duluth,* 826 F.2d 780, 782 (8th Cir.1987).

In light of plaintiffs' representation that they will waive their appeal, the salient reason for dismissal has become plaintiffs' desire to further investigate the issues in this case with the recent trends of medical evidence that has become available. Thus, it appears that the motion to dismiss is not intended to forum shop, rather it is a recognition that plaintiffs are in need of additional time to prosecute their claims. Likewise, the dismissal does not result in a waste of judicial time and effort because granting the dismissal will allow plaintiffs to develop the issues at

hand. Furthermore, in light of the fact that this matter is still in its initial stages, defendants are not unduly hampered by the dismissal.

The Court has considered the *Paulucci* factors and finds that dismissal is the most expeditious approach to resolution of this matter. The Court, is, however, cognizant of defendants' desire to resolve the matter to and to avoid forum shopping. With that in mind, the following conditions shall apply to this dismissal. In the event that plaintiffs refile this action, the refiling shall be in this Court only, and all discovery obtained to date shall apply in any refiled action.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' Motion for Voluntary Dismissal without Prejudice, [# 27], is granted, with the understanding that plaintiffs' have waived their appeal from the Court's Order dismissing the individual defendants and with the further conditions set forth herein.

IT IS FURTHER ORDERED that this matter is dismissed.

Dated this 13th day of October, 2005.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE